CASE 8—INDICTMENT—JUNE 20.

# Baird and Price vs. Commonwealth.

### APPEAL FROM THE JEFFERSON CIRCUIT COURT.

1. A summons which recites the date and amount of the recognizance, and, by reference to the recognizance, sufficiently identifies the offense, is sufficient.

2. A defendant who voluntarily appears in court on the return of an indictment, is in legal custody of the court, and a recognizance entered into by him and his sureties, whilst in such custody, is valid.

3. S. being indicted for burglary and larceny, in separate indictments, but for the same act, he and his sureties entered into a joint recognizance for his appearance to answer both indictments. *Held*—That although a single recognizance on two separate indictments is irregular, such irregularity is not necessarily prejudicial to the cognizors, and is valid.

4. As, in such case, there could be but one conviction and one punishment, the two indictments are, in effect, no more than two counts in the same indictment.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

*Adam Stephen,* prosecuted before the city court of Louisville for grand larceny, was recognized, with the appellants as his sureties, to appear at the succeeding term of the Jefferson circuit court, to answer the charge. Only a few days afterwards, at the commencement of said term, two indictments for the same felonious act, for which he had been so recognized—one for burglary and the other for grand larceny—were returned by the grand jury as true bills against the said *Stephen,* who, being in court, voluntarily entered into a joint recognizance, with the appellants as sureties, for his appearance to answer each indictment in the penalty—to the principal of $5,000, and to the sureties of $5,000.

*Stephen* failing to appear as thus recognized, his delinquency was recorded in court, and a summons in the nature of a *scire facias* was issued against him and his sureties, and executed on the latter only, who appeared and demurred to the summons, and moved to quash the recognizance. But being overruled, judgment was rendered against them for $5,000, and this appeal seeks the reversal of that judgment on four grounds:

1st. The alleged insufficiency of the summons to identify the offense.

2d. The alleged insufficiency of both the summons and the recognizance to show that *Stephen* was in custody, and re-leased therefrom by the execution of the recognizance.

3d. That there had been no judgment forfeiting the recognizance.

4th. That the joint recognizance to answer two separate indictments was illegal.

We perceive no essential error to the prejudice of the appellants on any of these grounds.

1. The summons required an appearance to show cause why judgment should not be rendered against the principal for $5,000, and the bail for $5,000, " *according to the form and effect of a recognizance entered into by them in this court, on the 22d day of November,* 1864, *and for a breach of the conditions thereof.*" Each recognizance was for *felony.*

The recited date and amounts, and the reference to the recognizance itself, sufficiently identified the offense, and left no ground for ignorance or surprise. The summons was, therefore, sufficiently certain as to the offense.

2. *Stephen,* as alleged in an answer, being in court, as recognized by the city judge, was potentially, if not actually, in the custody of the court. But even if he had, without any previous recognizance, voluntarily appeared in court on the return of the indictments, he was in the legal custody of the court, and dispensed with a formal arrest; and this all appearing, the second objection is futile.

3. The statements in the summons show that *Stephen* had violated his recognizance by failing to appear, and that the parties were required to show cause why judgment should not be rendered according to the recognizance, and for a breach thereof; and, therefore, constructively manifest a forfeiture; and this is, in effect, a judgment of forfeiture. (88*th section of Criminal Code*).

4. A single recognizance on two separate indictments is certainly anomalous and irregular. But, nevertheless, such irregularity may not be illegal or prejudicial to the cognizors.

We need not say what, in this respect, would be the legal effect of such a recognizance for an appearance to two indictments for different acts, each suggesting a different penalty for assuring a trial.    But in this case the two indictments are for but one *dilictum* at the same time and place—the one characterizing it as burglary, and the other as grand larceny, each felonious, and the charge of burglary including that of larceny.    There could be, therefore, only one conviction and one punishment—a conviction for burglary merging the larceny, and a conviction for larceny barring a conviction for burglary.    In legal effect, the two indictments are no more than two counts in one and the same indictment.    An appearance to one would be virtually and consequently an appearance to the other; and, consequently, had there been no other indictment than that for burglary, we presume that the penalty fixed in the recognizance would have been just what it is.    The fact, therefore, that the recognizance required *Stephen* to appear to each indictment, and might have been literally forfeited by an appearance to one only, does not invalidate the obligation; and, even if an appearance to one would not have exonerated from the penalty for non-appearance to the other, we cannot see any voidable illegality in *the voluntary* acknowledgment of such a recognizance, which differed only in form from the acknowledgment of two separate recognizances.

We are unable, therefore, to adjudge the joint recognizance, either void or voidable, or pronounce the bail excessive.

Wherefore, the judgment of the circuit court is affirmed.