CHIEF JUSTICE LINDSAY
delivered the opinion op the court.
C. J. Hinkle was in custody, charged with four offenses, each for obtaining money under false pretenses. He waived examinations, and his bail in each case was fixed at $250. Thereupon he, and the appellants as his sureties, executed a bond reciting these facts, by which they bound themselves to the Commonwealth, upon the following conditions, viz: “ That said C. J. Hinkle shall personally appear on the first day of the September term, 1876, of the Shelby Circuit Court, to answer said charges, and shall render himself amenable to the *655 orders of the court, and not depart thence without leave of the court; and should he fail to perform any of these conditions, we will pay to the commonwealth of Kentucky $1,000.” By executing this bond the examining court, in effect, required Hinkle to give bail in the sum of $1,000 in each of the four prosecutions. He might have appeared and answered three of them, and rendered himself in perfect obedience to the orders and judgments of the circuit court in each, and still, by failing to appear and answer the fourth charge, his sureties would have been bound to pay the full sum of $1,000, notwithstanding the fact that the bond recites on its face, and the minutes of the examining court show, that he was admitted to bail in each case in the sum of $250.
It is in this regard that this ease differs from that of Price v. Commonwealth (2 Duv. 78). There, as here, the recognizance was joint, and required the defendant to appear and answer two charges; but it seems the sum mentioned in the undertaking was for no more than the bail fixed in each case. And besides, the two offenses related to and grew out of the same criminal act, and an appearance and trial in one would have merged or barred a trial and conviction in the other. Not so in this case. Here the offenses were separate and distinct, and the defendant could have been tried on each and all of the four charges.
The objections to this bond are of the same nature with those held to be fatal in the case of the Commonwealth v. Hall (MS. Op., January, 1857, Myers’s Criminal Code, 586, note to sec. 80). In that case two parties were admitted to bail in the sum of $300 each. The sheriff included both defendants in one and the same bond, conditioned that upon their failure to appear and answer the sureties should pay $600. The court held (per Duvall, judge) that the bond was defective in making the sureties liable for the whole amount if either one of the defendants failed to appear, and that the defect *656 affected the substantial rights of the sureties, and was not embraced by the 80th section of the Criminal Code.
For the reasons indicated we regard the bond in this case as void.
Judgment reversed, and cause remanded with instructions to dismiss the proceeding against the appellants.